IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 04-16-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| RICHARD JAMES BIGGS; ANDY | ) | |
| JAMES EASTMAN; MARC ANTOINE | ) | |
| STOCKTON; and ZAIN A. KAHN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court are Defendants Marc Antoine Stockton's and Zain A. Kahn's Motions to Dismiss for Lack of Speedy Trial, and the Government's Motion to Reconsider this Court's previous order dismissing the indictment against Defendant Andy James Eastman without prejudice pursuant to the Speedy Trial Act.

## I.  Background

Defendants Eastman, Kahn, and Stockton were indicted on March 3, 2004, and arraigned on May 25, 2004.  Trial was set for July 26, 2004.  All three ultimately gave notice that they intended to change their pleas from not guilty to guilty.

Prior to the change of plea hearing, defense counsel

1

presented an argument to the Government that the case should be heard in state court rather than federal court due to representations made to the defendants during their cooperation with the state and federal investigation of this conspiracy charged in this case.  The Government responded by filing a joint motion with defense counsel to vacate and reschedule the change of plea hearing so "all the parties [could] talk to one another" and so the Government could consider the defense counsels' argument regarding dismissal.  COP Tr. at 6 lns. 23-25.  The text of the motions, which were filed orally and in writing at the change of plea hearing on July 26, 2004, requested that the plea hearing be vacated and rescheduled because "the defendant[s] [are] pursuing unique plea negotiations with the U.S. Attorney that require additional time to research and evaluate both legal arguments and Department of Justice and U.S. Attorney policy." After defense counsel confirmed that the defendants joined the motion and understood that the Court intended to exclude the time under the Speedy Trial Act, the Court granted the motion on the record and ordered that the hearing be rescheduled within 45 days, depending on the Court's schedule and whether the Government decided to pursue the case in federal court.

The Government did not seek to reschedule the hearing within the 45 day period, which expired on September 9, 2004, and the Court did not reschedule *sua sponte*.  There was no other activity

in the case until Defendant Eastman filed his motion to dismiss
the indictment pursuant to the Speedy Trial Act on March 24,
2005, nearly seven months later.[1]   The Court granted Eastman's
motion to dismiss the indictment on December 20, 2005, and
dismissed the indictment without prejudice.   Defendants Stockton
and Kahn subsequently filed motions to dismiss and the Government
filed a motion for reconsideration of the order dismissing the
indictment against Eastman.

## II.  Analysis

### A.   Motions to Dismiss and Motion to Reconsider[2]

The Government asks the Court to reconsider its order

---

[1]According to the Government, it had been in contact with
Eastman's counsel around October 4, 2004, and had informed him that it
intended to reset his change of plea hearing.  Eastman's counsel
apparently objected to moving forward with the hearing because the
Government had never met with Eastman regarding his arguments for
dismissal even though it had told the Court during the first change of
plea hearing that it would do so.  On March 22, 2005, the Government
informed Eastman by letter that it had rejected his argument and
decided to prosecute the case in federal court.  The Court was never
notified of the exchange between the Government and Eastman's counsel.


[2]This Court retains inherent jurisdiction to vacate or modify a
pretrial order in a criminal case in response to a motion for
reconsideration if the motion is timely presented within the original
period for review.  United States v. Rubio, 727 F.2d 786, 799 (9th
Cir. 1983) ("[T]his court has reviewed district courts' correction of
erroneous orders by treating them as responses to motions for
reconsideration, which are timely presented if "filed within the
original period for review.").  Here, the Government filed a timely
motion for reconsideration shortly after the Court dismissed the
indictment against Defendant Eastman.  Thus, the order dismissing the
indictment against Eastman is not final until the Court disposes of
the Government's motion for reconsideration.  The Court will consider
the issue anew along with Defendant Kahn's and Stockton's motions to
dismiss.

3

dismissing the indictment against Eastman and to deny the motions to dismiss filed by Kahn and Stockton.  According to the Government, the motion to reschedule the change of plea hearing is still pending and all of the time since its filing is excludable under the Speedy Trial Act.  Thus, the Government argues that none of the charges should be dismissed.

> 1.   **Speedy Trial Act Provisions**[3]

The Speedy Trial Act requires that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."  18 U.S.C. § 3161(c)(1).  The right to a speedy trial belongs to both the criminal defendant and society as a whole, thus the Government and the courts "share[] the responsibility for speedy trial enforcement."  United States v. Perez-Reveles, 715 F.2d 1348, 1353 (9th Cir. 1983).  And because the right belongs to society as well as the defendant, the defendant cannot waive his rights under the Speedy Trial Act.  United States v. Ramirez-Cortez, 213 F.3d 1149, 1156 (9th cir. 2000).  "In assessing

---

[3]The defendants have not raised, and the Court does not reach, the constitutional speedy trial question.  See Barker v. Wingo, 407 U.S. 514 (1972).

4

exclusions, it is important to recognize that any calculation affecting one defendant applies to the other . . . [if no] motion for severance [has been filed]." <u>United States v. Daychild</u>, 357 F.3d 1082, 1091 (9th Cir. 2004).

### 2.   Jurisdiction

First, Defendant Eastman argues that this Court lacks jurisdiction to hear the Government's motion to reconsider because the December 20, 2005 order dismissing the indictment against him was final and disposed of the case.  The Ninth Circuit conclusively rejected the same argument in <u>United States v. Emens</u>, 565 F.2d 1142 (9th Cir. 1977), holding that, during the time the government may file an appeal, the district court retains jurisdiction to set aside or vacate a pretrial order dismissing an indictment.  <u>Id.</u> at 1144 (noting the propriety of a petition for rehearing or motion for reconsideration by the United States in criminal cases).[4]

### 3.   18 U.S.C. § 3161(h)(1)(F)—Pending Pretrial Motions

The Speedy Trial Act provides that "any period of delay

_____

[4]The court cited the <u>Emens</u> rule in <u>Rubio</u>, 727 F.2d at 799, stating:

> We cannot conceive that Congress intended, by failing to provide a criminal counterpart to Fed.R.Civ.P. 60(b), to strip a court of its inherent jurisdiction to vacate or modify an order inadvertently made through mistake in a criminal proceeding.  This is a matter within the trial judge's discretion, subject only to review by this court for abuse thereof, and we are of the opinion that on the showing made before him, the trial judge properly reinstated the indictment.

resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is excludable from speedy trial act calculations.  18 U.S.C. § 3161(h)(1)(F).  Subsection (h)(1)(F) is not a blanket exclusion for any length of time.  The Supreme Court explained in <u>Henderson v. United States</u>, 476 U.S. 321 (1986), that subsection F is limited by 18 U.S.C. § 3161(h)(1)(J), which lists as excludable "delay reasonably attributable to any period *not to exceed thirty days*, during which any proceeding concerning the defendant is actually under advisement by the court."  (emphasis added).

In its motion for reconsideration, the Government contends that the joint motion filed on July 26, 2004, to vacate and reschedule the change of plea hearing tolled the speedy trial clock and is still pending because the court never rescheduled the change of plea hearing.  First, the only motions pending in the Court's docket are the Government's motion for reconsideration and the defendants' motions to dismiss, all recently filed.  According to the docket, the Court granted on the record the joint motion to vacate and reschedule the first change of plea hearing on July 26, 2004.  Second, the Court is not alone in its obligation to enforce the Speedy Trial Act.  The Government and the Court share the burden to monitor and enforce the speedy trial clock.  <u>Perez-Reveles</u>, 715 F.2d at 1353.

6

Therefore, even if this case has stalled due to a mutual failure by both the Court and the Government to move the case along, the Speedy Trial Act still mandates dismissal.

### 4.   18 U.S.C. § 3161(h)(8)(A)—"Ends of Justice" Exclusion

Alternatively, the Government argues that the Court excluded the time from the original change of plea hearing until now pursuant to the "ends of justice" exclusion, 18 U.S.C. § 3161(h)(8)(A).

When the Court grants a continuance on its own motion or motion of the parties that it finds serves ends of justice that outweigh the best interest of the public and the defendant in a speedy trial, that time is excludable, provided the Court "sets forth, in the record of the case, either orally or in writing, its reasons for [its] finding[s]."  18 U.S.C. § 3161(h)(8)(A). The "ends of justice" exclusion "must be (1) 'specifically limited in time' and (2) 'justified [on the record] with reference to the facts *as of the time the delay is ordered*.'" Ramirez-Cortez, 213 F.3d at 1154 (emphasis in original).  If the district court fails to make simultaneous "ends of justice" findings, the delay may still be excludable if the district court "later shows that the delay was motivated by proper considerations."  Id.  The Ninth Circuit has held that "[n]egotiation of a plea bargain is not one of the factors supporting [an "ends of justice"] exclusion."  Perez-Reveles, 715

7

F.2d at 1352.

Here, the Court did not make findings on the record that the time was excluded under § 3161(h)(8).  There was no discussion of the ends of justice that may be served by continuing the case. The Government argues that the parties' discussion of the reasons for the delay should substitute as the Court's findings under § 3161(h)(8).  However, it offers no authority for that proposition.

Further, given the holding in <u>Perez-Reveles</u>, the Court cannot now represent that the delay was motivated by proper considerations since the joint motion to vacate and reschedule was explicitly submitted so that the defendants could pursue "unique plea negotiations with the U.S. Attorney."  Delay for the purpose of plea negotiations is not excludable pursuant to <u>Perez-Reveles</u>.  <u>See</u> 715 F.2d at 1352.  Even if the delay was otherwise justified due to the complexity of the case under § 3161(h)(8)(B)(ii), it was specifically limited in time on the record.  Thus, only 45 days of time would be excluded, which would not cure the Speedy Trial Act violations in any of the three cases at issue here.

**5.   Conclusion**

The record shows that after excluding all time allowed under 18 U.S.C. § 3161(h)(1) and (h)(8)(A), well over seventy days have passed without a change of plea or trial occurring for any of the

three defendants.  Under the circumstances, and in view of the fact that no further exclusion under 18 U.S.C. § 3161 appears to apply, I must conclude that the Speedy Trial Act cannot be honored in this case.  The indictments must be dismissed.

**B.   18 U.S.C. § 3162(a)(2)—Dismissal With or Without Prejudice**

Pursuant to 18 U.S.C. § 3162(a)(2), the indictments may be dismissed with or without prejudice, depending on the following factors: (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a reprosecution on the administration of this chapter and on the administration of justice.

**1.   The seriousness of the offense**

Defendants Kahn, Stockton, and Eastman were all charged with conspiracy to possess with intent to distribute marijuana, possession with intent to distribute marijuana, and distribution of less than 50 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Stockton and Eastman were also charged with being users in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2).  The offenses are undeniably serious.  Their seriousness is not dispositive of the speedy trial issue, however, and must be weighed against the "seriousness of the delay" and the other statutory factors.  <u>See United States v. Clymer</u>, 25 F.3d 824, 831 (9th Cir. 1994).

**2.   The facts and circumstances of the case which led to the dismissal**

9

The Supreme Court has identified the length of delay as a
relevant consideration in the analysis of whether to dismiss an
indictment with or without prejudice.   In <u>United States v.
Taylor</u>, 487 U.S. 326, 340 (1988), the Court explained:

> The longer the delay, the greater the presumptive or
> actual prejudice to the defendant, in terms of his
> ability to prepare for trial or the restrictions on his
> liberty:  "[I]nordinate delay between public charge and
> trial, . . . wholly aside from possible prejudice to a
> defense on the merits, may 'seriously interfere with
> the defendant's liberty, *whether he is free on bail or
> not*, and . . . may disrupt his employment, drain his
> financial resources, curtail his associations, subject
> him to public obloquy, and create anxiety in him, his
> family and his friends.'"

(quoting <u>Barker v. Wingo</u>, 407 U.S. 514, 537 (1972) (White, J.,
concurring)) (emphasis added).

In this case, the pretrial delay has amounted to 582 days,
more than eight times the limit.   Even assuming that the 45-day
continuance was excludable, and also excluding the maximum time
allowable for all pretrial motions, 471 days of non-excludable
delay remain.[5]   Such amount of time could certainly be considered

_____

[5]This calculation excludes the time from June 30, 2004 through
and including July 19, 2004, during which multiple defendants had
pending pretrial motions.  It also excludes July 26, 2004 when the
defendants moved to vacate and reschedule the change of plea, and 45
days thereafter, assuming for the sake of argument that the 45 day
continuance was excludable.  Finally, it excludes the time from March
24, 2005 through and including May 6, 2005, during which Eastman's
motion to dismiss was pending and including the maximum time it could
be considered under advisement for purposes of the speedy trial clock.
<u>See</u> <u>Henderson</u>, 476 U.S. at 329.  It also tolls the clock on December
27, 2005, when the Government moved for reconsideration of the order
granting Eastman's motion to dismiss.  It does not take into account
any time after January 12, 2006 when the last defendant moved to

"inordinate delay," supporting a finding of presumptive prejudice
to the defendants in this case.

   3.   **The impact of a reprosecution on the administration of
        this chapter and on the administration of justice**

   In addition to those pretrial restrictions on liberty
Justice White identified in <u>Barker v. Wingo</u>, such as disruption
of employment, financial burdens, disruption in personal
relationships, and the anxiety that accompanies facing serious
federal criminal charges, Justice Ginsburg in <u>Albright v. Oliver</u>,
510 U.S. 266, 278 (1994), noted that:

> A person facing serious criminal charges is hardly
> freed from the state's control upon his release from a
> police officer's physical grip. He is required to
> appear in court at the state's command. He is often
> subject, as in this case, to the condition that he seek
> formal permission from the court (at significant
> expense) before exercising what would otherwise be his
> unquestioned right to travel outside the jurisdiction.
> Pending prosecution, his employment prospects may be
> diminished severely, he may suffer reputational harm,
> and he will experience the financial and emotional
> strain of preparing a defense.

These restrictions take on an even more ominous character when a
criminal defendant is subject to them for so lengthy a period as
in this case.  If a pretrial releasee chooses to treat the

---

dismiss on speedy trial grounds.  <u>See</u> <u>United States v. Wirsing</u>, 867
F.2d 1227, 1230 (9th Cir. 1989) ("In ruling on a motion to dismiss an
indictment for failure to comply with the Speedy Trial Act, a court
need only consider alleged delay which occurs prior to and including
the date on which the motion is made.  The right to challenge any
subsequent delay is waived absent the bringing of a new motion to
dismiss.").

conditions as optional, however, the burden of pretrial conditions during a lengthy pretrial delay should not weigh as heavily in favor of dismissal with prejudice.

During the exceptionally lengthy pretrial supervision period in this case, Eastman and Stockton complied with the conditions of their pretrial release with little to no exception.  In stark contrast to Eastman and Stockton, Kahn has apparently considered his pretrial conditions to be optional.  His multiple instances of noncompliance, including use of marijuana, cocaine, and alcohol, and violation of his travel restrictions, among others,[6] resulted in a petition for revocation of his pretrial release and his subsequent release into an inpatient substance abuse treatment program.

Given all the facts and circumstances, including the statutory factors of 18 U.S.C. § 3162(a)(2), the seriousness of the delay in this case, and the defendants' conduct while subject to the restrictions of conditions of pretrial release during the delay, I find that dismissal with prejudice is warranted as to the indictments against defendants Eastman and Stockton.  But, I find that defendant Kahn's behavior while on pretrial release weighs heavily against dismissal with prejudice, and thus the indictment against Kahn will be dismissed without prejudice to

---

[6]Kahn was identified as the sole suspect in a rape in North Plains, Oregon, but the case was ultimately dismissed.

reindictment.   It would not serve the administration of justice to bar reprosecution of Kahn given his apparent willingness to flout the system while awaiting pending prosecution.

### III.   Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.   The Government's Motion for Reconsideration of this Court's December 20, 2005 Order dismissing the indictment against Defendant Eastman (**dkt #97**) is GRANTED.   The Order was reconsidered anew along with Kahn's and Stockton's Motions to Dismiss.

2.   The indictment returned against Defendant Eastman is DISMISSED WITH PREJUDICE.

3.   Defendant Stockton's Motion to Dismiss (**dkt #96**) is GRANTED and the indictment returned against Stockton is DISMISSED WITH PREJUDICE.

4.   Defendant Kahn's Motion to Dismiss (**dkt #100**) is GRANTED and the indictment returned against Kahn is DISMISSED WITHOUT PREJUDICE.

DATED this 10th day of March, 2006.

_____
DONALD W. MOLLOY, Chief Judge
United States District Court

13